McCORD, Judge.
Claimant appeals from a workers’ compensation order denying her claim for wage-loss benefits subsequent to April 16, 1980. We conclude that the deputy commissioner erred in failing to find that the claimant had met the burden of establishing that her wage loss was the result of her compensable injury. § 440.15(3)(b)2, Fla. Stat. (1979). We, therefore, reverse.
Claimant is a 43-year-old woman who was employed as a cook and assistant to the chef. On November 22,1979, she slipped in a puddle of water at the employer’s place of business and fell, injuring her back. As a result of this injury, she sustained a 5% permanent partial disability to the body as a whole and reached maximum medical improvement on March 3, 1980. Claimant subsequently found a job as a prep person and cook for the Sunshine Letter Carriers’ Hall in April of 1980. The hours for this job were shorter than her previous position; however, she was required to lift heavier boxes and items. This routine resulted in constant back pain and numbness in her legs. When she went back to her treating physician, Dr. Crespo, in January of 1981 and told him of her problems, he advised her to terminate that employment and find something that would not deal with any lifting whatsoever. Indeed, Dr. Crespo testified that she should restrict her work so as to avoid heavy lifting and standing for long periods of time.
After taking a month off, she went to the Florida State Employment Service and asked for jobs where she would be sitting and not standing. After having made approximately fifteen job applications, she found part-time work as a dietary aide for the Shore Acres Nursing Home. Her duties there were to help prepare foods for the patients, help set up the dining room for patients that were able to come to the dining room, and place food on the trays for those patients who could not do so. Having been asked by her employer to try for cook, she did so and garnered the job. This continues to be her present position, and she works approximately thirty seven and one-half hours per week. Nevertheless, she still experiences pain in her back and numbness in her legs. Further, she takes the drug Motrin to assist her in coping with the pain during the day.
Upon these facts, the deputy made a specific finding, with which we agree, that the claimant conducted “genuine and sincere efforts to find employment” subsequent to the date of maximum medical improvement but still denied her claim for the reason that she has performed, and is performing, duties that were essentially the same as those performed for her previous employer. This is true, but the deputy commissioner ignores one crucial fact, i.e., that the claimant cannot work the same amount of hours as she was able to prior to her compensable injury. Claimant herself feels that she is unable to work more than thirty seven and *1130 one-half hours per week due to her lingering back condition. Standing alone, this testimony might not persuade us to reverse the deputy’s order. However, as noted previously, Dr. Crespo, an orthopedic physician, also felt that she should restrict her work so as to avoid heavy lifting and standing for long periods of time. Since the duties of a cook inherently involve long periods of standing, the uncontroverted testimony of claimant and Crespo reveals that her shortened amount of work hours is directly a result of her compensable injury. Therefore, since her pre-injury work hours were much more substantial, up to sixty hours per week with time and a half for overtime, we agree with the claimant’s contention that she has proven her wage loss is the result of her compensable injury. § 440.-15(3)(b)2, Fla.Stat. (1979).
Accordingly, we REVERSE the deputy commissioner’s order and REMAND for reconsideration of the claimant’s entitlement to wage-loss benefits in light of this opinion.
ROBERT P. SMITH, Jr., C. J., and BOOTH, J., concur.